### GOLDRICK v. SCHROEDER.

Court of Appeals of District of Columbia.

Submitted January 10, 1928.   Decided
March 5, 1928.

No. 2000.

Patents ⚖➡90(1)—Junior party held entitled to priority for improvement in load-securing means for trucks, for lack of common inventive subject-matter.

In interference proceeding involving invention relating to certain improvements in load-securing means for industrial trucks, junior party *held* entitled to priority on ground that knowledge of senior party's device could not aid in construction of that of junior party.

Appeal from the Commissioner of Patents.

Interference proceeding between Albert R. Golrick and Charles S. Schroeder relating to an invention for certain improvements in load-securing means for industrial trucks. From a decision of the Commissioner, awarding priority to Schroeder, Goldrick appeals. Affirmed.

D. A. Gardiner, of Washington, D. C., and A. R. Golrick, of Cleveland, Ohio, for appellant.

J. H. Milans and C. T. Milans, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. An appeal in an interference proceeding. The invention in question relates to certain improvements in load-securing means for industrial trucks.

The interference was declared between a reissue application filed by Goldrick upon a patent issued to him on December 19, 1922, and a patent issued to Schroeder on March 4, 1924. The issue, taken from claim 1 of the Schroeder patent, reads as follows, to wit:

"An attachment for a wheeled conveyer having elevating means, comprising a pivotally supported load-supporting arm, means for connecting said arm with the elevator or conveyor, load-clamping means over said arm, and means whereby the weight of the load on said arm will operate automatically to effect clamping of the load when the elevator is raised."

It is explained that "the appliance in both the Goldrick application and in the Schroeder patent are disclosed as overhanging the end of an industrial truck, whereby the lower parts of the appliances, by proper maneuvering of the trucks, may be inserted under the load to engage the bottom of the load and raise it, while permitting the operators to remain on the trucks to maneuver the trucks into engageable position relative to the load." The controlling question in the case is whether there is a common invention embodied in the Schroeder structure and the Goldrick structure, "in the terms of the count."

No testimony was taken by either party. A motion to dissolve the interference was filed by Schroeder, the junior party, on the ground that Goldrick had no right to make the claim constituting the issue, in view of his original disclosure. This motion was overruled, and the Examiner of Interferences thereupon awarded priority to Goldrick, the senior party. This decision was affirmed by the Examiners in Chief. But upon appeal the Commissioner of Patents held that Goldrick had no right to make the claim constituting the count of the issue. The Commissioner accordingly reversed the decision of the Examiners in Chief and awarded priority to Schroeder. This appeal followed.

In our opinion the decision of the Commissioner of Patents is right. As stated by the Commissioner, when describing the constructions of the parties, "it is difficult to discover any common inventive subject-matter, or how a knowledge of Goldrick's device could, in any way, aid in devising the construction of Schroeder." It is plain, among other things, that Goldrick's construction does not conform to the requirement that "the weight of the load on said arm will operate automatically to effect clamping of the load when the elevator is raised." In Schroeder's

construction, when the elevator is raised, the clamping of the load is effected automatically by force of the weight of the load itself, operating by means of connecting levers as described in Schroeder's patent; whereas in Goldrick's construction this result does not automatically follow the elevation of the load, but is manually accomplished by the pulling of a cable by the operator before the load is actually lifted.

The decision of the Commissioner of Patents is affirmed.